# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **ELBERT TATE,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| v. : | Case No. 3:24-cv-00016-TES-CHW |
| : | |
| Warden **BRIAN CHAMBERS,**[1] : | |
| : | |
| **Respondent.** : | |

# ORDER

*Pro se* Petitioner Elbert Tate, a prisoner confined at Johnson State Prison in Wrightsville, Georgia, has filed an "Extraordinary Motion for New Trial, and Motion to Set Aside Void Judgment, and Dismissal of All Charges under the Federal Spoliation Laws". ECF No. 1. Petitioner appears to be challenging his 2013 conviction in the Superior Court of Athens-Clarke County. *See id*. at 3. Petitioner has paid the $5.00 fee reserved for habeas petitions instead of the $452 fee generally payable for civil actions filed by prisoners in which they challenge their confinement. Therefore, Petitioner's civil action has been docketed as a habeas petition under 28 U.S.C. § 2254.

It is **ORDERED** that, within thirty (30) days of the date of this order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation

---

[1] Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Petitioner is incarcerated in Johnson State Prison, and the warden of that facility is Brian Chambers. The Clerk is **DIRECTED** to correct the Docket the style of this case to show Warden Brian Chambers as the correct Respondent.

entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically

served on the Attorney General and Respondent electronically through CM/ECF.  A copy of this Order shall also be served on the *pro se* Petitioner.  Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 20th day of March, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
